ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| SONIA MALDONADO AYALA, JOEL A. RÍOS MALDONADO, SONIA RIOS MALDONADO<br>Recurrido<br><br>v.<br><br>JAVIER RÍOS JORDÁN; Y OTROS<br>Peticionario<br><br>v.<br><br>YEIDEE RÍOS MALDONADO<br>Recurrido<br><br>v.<br><br>ANTONIA JORDÁN MALDONADO<br>Parte Interventora | TA2026CE00482 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Número:<br>L CD2015-0052<br><br>Sobre: Cobro de dinero |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA ENMENDADA[1]**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparecen ante nosotros, Javier Ríos Jordán, Luz Yanira Díaz Sepúlveda y la sociedad legal de gananciales que ambos componen (Peticionarios). Solicitan que revoquemos la *Resolución* que el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI o foro primario) emitió el 17 de febrero de 2026, objeto de reconsideración, por presuntamente ser contraria a la *Sentencia* que dictó el Tribunal Supremo, el 19 de diciembre de 2025.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

---

[1] La enmienda es a los únicos efectos de clarificar el mandato del Tribunal Supremo en su dictamen del 19 de diciembre de 2025.

La causa de epígrafe es producto de una disputa familiar que se originó, el 15 de noviembre de 2015, cuando el difunto señor Alcides Ríos Jordán, sustituido por sus herederos, Yeidee, Sonia y Joel de apellidos Ríos Maldonado, entablaron una acción civil y en cobro de dinero en contra de los Peticionarios. Les imputaron haberse apropiado de dinero que generó el negocio de su madre, la señora Antonia Jordán Maldonado y de su difunto padre.

A modo de sintetizar, acogemos los hechos plasmados en el tracto procesal de la *Sentencia* que el Tribunal Supremo emitió, el 19 de diciembre de 2025. Mediante el referido dictamen, el Alto Foro revocó la *Orden* del TPI de 9 de mayo de 2024, a través de la cual, el foro primario dio por terminado el descubrimiento de prueba y dispuso que lo único pendiente era la deposición a la señora Antonia Jordán Maldonado y la vista probatoria dirigida a dilucidar si la señora Yeidee Ríos Maldonado (Recurrida) contestó el interrogatorio adecuadamente. En la *Sentencia* revocatoria, el Alto Foro dictaminó lo siguiente:

> [...] En más de una ocasión, el TPI sancionó a la señora Ríos Maldonado por no cumplir con sus órdenes, y le apercibió que podría eliminar sus alegaciones. A su vez, la parte peticionaria dio por buena una determinación judicial en donde el foro primario indicó que estaría en posición de resolver la controversia sobre la presunta insuficiencia de las contestaciones, tras llevar a cabo una vista probatoria que nunca se celebró.

> Así las cosas, luego de examinar el tracto procesal que surge del expediente ante nuestra consideración, es forzoso concluir que el TPI incidió al culminar el descubrimiento de prueba, sin antes atender la controversia en cuanto a la presunta insuficiencia de las contestaciones al interrogatorio. A nuestro juicio, la determinación del foro primario perjudica irracionalmente a la parte peticionaria, aun cuando fue diligente en su señalamiento de objeciones durante el litigio. [...] Reiteramos que esta lleva impugnando la insuficiencia de las contestaciones desde el año 2020, esperando por una vista probatoria que se continúa posponiendo desde el año 2021, y, aun así, un nuevo adjudicador dio por culminado el descubrimiento de prueba pendiente.[2]

---

[2] Véase, *Sentencia* del Tribunal Supremo de 19 de diciembre de 2025 (Recurso Núm. CC-2024-0804), págs. 17-19.

Fundamentado en lo anterior, el Tribunal Supremo concluyó que la *Orden* del 9 de mayo de 2024 allí cuestionada era contraria a los dictámenes previos del TPI.[3] Cónsono con ello, decretó que el foro primario abusó de su discreción al dar por finalizado el descubrimiento de prueba, sin antes celebrar una vista evidenciaria para disponer de la controversia en torno a la presunta insuficiencia de las contestaciones al interrogatorio. De conformidad, devolvió el asunto al TPI para que celebre la vista probatoria y en ella dilucide la suficiencia de las contestaciones. Además, el foro primario habrá de permitir la culminación del descubrimiento de prueba. El mandato del referido dictamen del Tribunal Supremo fue notificado el 16 de enero de 2026.

Al cabo de un mes de notificado el mandato, el 26 de febrero de 2026, el foro primario notificó la *Resolución* aquí impugnada en la cual dispuso lo siguiente:

> Conforme lo resuelto por el Tribunal Supremo sobre la orden del 9 de mayo de 2024, se conceden a todas las partes 90 días para realizar descubrimiento de prueba.

> En relación con las objeciones de la parte demandada a las contestaciones del interrogatorio a la tercera demandada, el Tribunal resolvió dicha controversia en la Resolución del 19 de julio de 2024.

En desacuerdo, los Peticionarios instaron ante el TPI una *Urgente Moción de Reconsideración en Ejecución de Sentencia del Tribunal Supremo y de Recusación.* En ella, expusieron que el TPI tiene el deber ministerial de acatar lo resuelto por el Máximo Foro y, a esos efectos, tiene que celebrar una vista evidenciaria para adjudicar la controversia sobre la suficiencia de las contestaciones y permitir que culmine el descubrimiento de prueba. Además, solicitó la recusación del juez por entender que este prejuzgó la

---

[3] Sobre este asunto, el Alto Foro hizo la salvedad de que el juez que dictó la *Orden* del 9 de mayo de 2024 no fue quien atendió las múltiples mociones de los Peticionarios sobre este particular, ni quien ordenó la celebración de una vista evidenciaria a esos fines. Sin embargo, el Tribunal Supremo hizo un llamado a los foros de instancia a evaluar minuciosamente el expediente del caso ante sí cuando se trate de litigios previamente comenzados.

suficiencia de las respuestas lo cual es el asunto de umbral a dilucidarse en la vista evidenciaria pendiente a celebrar.

En atención a la moción de reconsideración de los Peticionarios y a una *Moción Solicitando Clarificación de Orden* que instó la señora Antonia Jordán Maldonado, el TPI denegó ambos petitorios mediante la *Resolución* dictada el 18 de marzo de 2026. En su pronunciamiento el foro primario discutió que, al emitir la *Sentencia,* el Tribunal Supremo únicamente estaba atendiendo la determinación del TPI que dio por terminado el descubrimiento de prueba porque, a esa fecha, estaba pendiente la presunta insuficiencia de las respuestas al interrogatorio. Aseguró que, mediante la *Resolución* dictada el 19 de julio de 2024, el foro primario ya había atendido lo relacionado a la suficiencia de las contestaciones que el Alto Foro instruyó resolver. Puntualizó que, la *Resolución* de 19 de julio de 2024 no fue cuestionada ante el Tribunal Supremo ni fue revocada por el Máximo Foro.

No contestes, los Peticionarios acuden ante esta Curia y en su recurso imputan al foro primario lo siguiente:

> Erró el Tribunal de Primera Instancia al determinar desacatar y desatender el mandato y sentencia del Tribunal Supremo en contra del orden y la prelación jerárquica, de la ley del caso, cometiendo abuso de su discreción en la aplicación de la norma y violando el debido proceso de ley.

En cumplimiento con nuestro requerimiento, la Recurrida comparece mediante su *Alegato en Oposición a Petición de Certiorari.* Con el beneficio de las posturas de ambas partes y recibidos los autos originales solicitados mediante la *Resolución* de 7 de mayo de 2026, resolvemos.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et*

*al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de

otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**B. El mandato y la ley del caso**

Como se sabe, el mandato es una figura enmarcada dentro de los procesos apelativos judiciales. *Rivera Camacho v. Publi-Inversiones de Puerto Rico,* 2026 TSPR 54, resuelto el 21 de mayo de

2026. Constituye el medio que posee un tribunal, en alzada, para informarle a un tribunal inferior qué determinación tomó sobre la sentencia objeto de revisión y para ordenarle actuar de conformidad. *Íd.* Su principal objetivo es lograr que el foro inferior actúe de forma consistente con el dictamen del foro revisor. *Íd.*

La figura del mandato tiene especial importancia en cuanto a los efectos de índole jurisdiccional que pueda tener su remisión al foro de origen. *Colón y otros v. Frito Lays,* 186 DPR 135, 153 (2012). Esto se debe a que, una vez el tribunal en alzada emite su determinación, y la misma adviene final y firme, se expedirá el mandato correspondiente al foro recurrido. *Íd.*[4] En ese momento, el recurso ante la consideración del foro revisor concluye para todos los fines legales. *Íd.* Por lo tanto, no es hasta entonces que, el foro revisor pierde jurisdicción sobre el referido asunto. *Íd.*

Conforme a lo anterior, el tribunal sujeto a revisión no adquiere jurisdicción nuevamente para poder continuar con los procedimientos y ejecutar los dictámenes de la sentencia en alzada, hasta tanto reciba el mandato del tribunal revisor. *Rivera Camacho v. Publi-Inversiones de Puerto Rico,* supra. Por consiguiente, a través del mandato, se devuelve al foro recurrido la autoridad para actuar, según lo dispuesto por el tribunal de mayor jerarquía. *Íd.*

Entiéndase que, por la presentación del recurso apelativo, quedan paralizados los procedimientos en el foro de origen, el cual pierde su facultad para atender las controversias planteadas en alzada y no vuelve a adquirir jurisdicción sobre ellas hasta que el tribunal revisor remita el mandato correspondiente. *Íd.* Esto tiene el efecto ineludible de anular toda actuación que lleve a cabo el foro

---

[4] Sobre el particular, la Regla 84(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 84(E), dispone:
Transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, el Secretario o Secretaria enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando éste haya sido elevado.

revisado, luego de que los asuntos se hayan paralizado y previo a recibir el mandato. *Íd.* Así pues, el mandato tiene una función dual que afecta la jurisdicción del tribunal de menor jerarquía. *Pueblo v. Rosario Paredes,* 209 DPR 155 (2022). La función consiste en revestirle nuevamente con autoridad sobre el caso, mientras que le permite disponer de este conforme a las directrices impartidas por la resolución o sentencia concernida. *Íd.*

De manera que, recibido el mandato, lo resuelto por el tribunal revisor constituye ley del caso. *Rivera Camacho v. Publi-Inversiones de Puerto Rico,* supra. Conforme a la doctrina de la ley del caso, luego de que existe un dictamen judicial final y firme emitido en los méritos, dicho dictamen es considerado como una cuestión considerada y decidida, constituyendo así, la ley del caso. *Berkan et al. v. Mead Johnson Nutrition,* 204 DPR 183, 200 (2020). Como resultado, el tribunal inferior o el organismo que dictó la determinación impugnada deberá limitarse a cumplir con lo ordenado por el foro apelativo. *Íd.* Ante ello, tales determinaciones obligan, tanto al foro de instancia, como al foro que las dictó, en la eventualidad de que el asunto regrese ante sí. *Íd.* Es decir, por virtud de la doctrina del mandato, un foro adjudicativo de jerarquía inferior está impedido de manejar la causa de forma contraria a lo que dictaminó un foro judicial de jerarquía superior. *Rivera Camacho v. Publi-Inversiones de Puerto Rico,* supra.

Cabe puntualizar que, el propósito de la doctrina de la ley del caso es "que los tribunales nos resistamos a rexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedito de los litigios, así como promover la estabilidad y certeza del derecho." *Íd*; citando a *Mgmt. Adm. Servs. Corp. v. E.L.A., Núñez Borges v. Pauneto Rivera,* 152 DPR 599, 608 (2000). Ahora bien, tanto la doctrina del mandato como la doctrina de la ley del caso comparten unas excepciones que permiten

incumplir el mandato, a saber, cuando: (1) durante los procesos posteriores al mandato surge evidencia que modifica sustancialmente los hechos y la controversia del caso; (2) ocurre un cambio en el estado de derecho, y (3) la decisión previa es palpablemente errónea y puede causar una injusticia grave. *Rivera Camacho v. Publi-Inversiones de Puerto Rico,* supra.[5] Ante tales circunstancias excepcionales, "<u>el tribunal de jerarquía inferior deberá solicitar la autorización del tribunal de jerarquía superior</u> para apartarse del mandato bajo estas excepciones, salvo que exista una razón clara y contundente que amerite el desvío con premura." *Íd.* (Énfasis nuestro).

## III.

En su recurso, los Peticionarios imputan al TPI haber desacatado el mandato del Tribunal Supremo al reabrir el descubrimiento de prueba para ambas partes y al dar por adjudicado el asunto sobre la insuficiencia de las contestaciones al interrogatorio, sin antes celebrar la correspondiente vista evidenciaria.

En su Alegato la Recurrida expone que, luego de suplementar sus contestaciones originales, quedaron atendidas las insuficiencias señaladas. Fundamenta lo anterior en que, los Peticionarios no objetaron sus respuestas suplementarias; únicamente cuestionaron que la Recurrida firmó diferente en ambos documentos juramentados ante notario público. Añade que, en atención a lo anterior, los Peticionarios solicitaron la celebración de una vista evidenciaria para que la Recurrida y el notario público declararan a esos efectos. A su entender, el TPI cumplió el mandato del Tribunal Supremo al emitir la *Resolución* del 19 de julio de 2024.

---

[5] Citando a *Demahy v. Schwarz Pharma, Inc.,* 702 F.3D 177, 184-185 (5TH Cir. 2012).

Para una mejor comprensión de este asunto y por cuanto el expediente ante nos está huérfano de la *Resolución* del TPI, dictada el 19 de julio de 2024, solicitamos la elevación de los autos originales. En dicho pronunciamiento el foro primario determinó que los Peticionarios no objetaron las contestaciones enmendadas. En su consecuencia, sin haber celebrado la vista evidenciaria previamente ordenada por el propio TPI, dio por contestado el interrogatorio. Dictaminó, además, que los Peticionarios únicamente cuestionaron las discrepancias en las firmas de la Recurrida en ambos documentos juramentados.

Tras determinar tampoco celebrar la vista evidenciaria atinente a la controversia sobre las firmas, el TPI ordenó al notario certificar bajo juramento si la Recurrida firmó en su presencia el documento juramentado. Recibida la declaración en cumplimiento de orden del notario, el foro primario concluyó que la Recurrida firmó la juramentación de la contestación a interrogatorio. En lo pertinente, el TPI hizo constar:

> […]
> El 23 de abril de 2021, la tercera demandada informó al Tribunal que ambas firmas en la juramentación de la contestación al interrogatorio del 29 de julio de 2019 y el 18 de febrero de 2021 son de la tercera demandada.
>
> El Tribunal señaló, el 29 de abril de 2021, vista evidenciaria sobre la controversia de las firmas. Luego de varios tr[á]mites procesales, el 6 de mayo de 2022, se transfirió la vista evidenciaria ya que no compareció la representación legal de la tercera demandada. En corte abierta el Lcdo. Martín González Vázquez solicitó que citara al notario Jerónimo Ruiz Pacheco para la vista evidenciaria.
>
> […] Por otro lado, la Vista Evidenciaria señalada para el 19 de enero de 2024 se convirtió en Vista de Estado de los Procedimientos.
>
> El 17 de mayo de 2024, el Tribunal determinó no celebrar una vista evidenciaria en relación con la firma de la juramentación de la contestación al interrogatorio cursado por la parte demandada a la tercera demandada. En su lugar, el Tribunal emitió una orden al Lcdo. Jerónimo Ruiz Pacheco, quien es el notario que juramentó la referida contestación al interrogatorio a la tercera demandada. Se le ordenó que certificara baj[o] juramento si la tercera demandada, Y[e]idee B. Ríos

Maldonado [sic], firmó el juramento sobre la contestación a interrogatorio y si lo hizo en su presencia. Esto bajo AFF. Núm. 1577 del 18 de febrero de 2021, en Ponce, Puerto Rico. El Tribunal concedió 20 días al licenciado. Dicha orden se notificó el 22 de mayo de 2024.

El 11 de junio de 2024, el Lcdo. Jerónimo Ruiz Pacheco cumplió lo ordenado. El 12 de junio de 2024, se notificó a las partes la declaración en cumplimiento de orden presentada por el Lcdo. Ruiz Pacheco.

Conforme a lo expuesto y luego de evaluar la declaración en cumplimiento de orden del Lcdo. Ruiz Pacheco, así como la controversia sobre la firma de la tercera demandada, el Tribunal resuelve que la tercera demandada firmó ante notario la juramentación de la contestación al interrogatorio cursado por la parte demandada. En consecuencia, se da por contestado el referido interrogatorio.

Se conceden 30 días, a partir de la notificación de esta Resolución, para que las partes presenten mociones dispositivas, según cada parte entienda meritorio.

De lo antes colegimos que, el foro primario no procedió según el mandato del Tribunal Supremo dispuesto en la *Sentencia* dictada el 19 de diciembre de 2025. Según expusimos en el tracto procesal, mediante su pronunciamiento, el Alto Foro devolvió el asunto ante el TPI para que celebre una vista probatoria y en ella dilucide la controversia sobre la presunta insuficiencia de las contestaciones al interrogatorio, lo cual incluye la discrepancia en torno a las firmas de la Recurrida. No obstante, el foro primario adjudicó lo antes sin celebrar la vista evidenciaria que le fue ordenada.

Según el TPI, la controversia sobre dicha suficiencia quedó resuelta con la *Resolución* de 19 de julio de 2024, sin que el Alto Foro la dejara sin efecto, mediante su *Sentencia* del 19 de diciembre de 2025. Sin embargo, constatamos de los autos originales que, los Peticionarios cuestionaron la legalidad de la *Resolución* de 19 de julio de 2024 en la petición de *certiorari* previamente instada (Recurso Núm. CC-2024-0804). Además, en los señalamientos de error que forman parte de dicho recurso, los Peticionarios imputaron al TPI haber actuado contrario a la ley del caso al dejar sin efecto una orden final y firme de otro juez del foro primario, quien ordenó

celebrar una vista evidenciaria relacionada con el descubrimiento de prueba.

En conclusión, al emitir sus pronunciamientos el 17 de febrero de 2026 y el 18 de marzo de 2026, el foro primario estaba obligado a celebrar la vista evidenciaria que ordenó el Alto Foro en su *Sentencia* dictada el 19 de diciembre de 2025. Al no hacerlo, desobedeció el fiel cumplimiento del mandato del Tribunal Supremo. Interpretamos que, mediante la *Sentencia* del Tribunal Supremo, también quedó sin efecto la *Resolución* del foro primario de 19 de julio de 2024.

Cabe señalar que, no surge del expediente que el foro primario invocara alguna excepción que justificara desatender el mandato, ni que los foros de superior jerarquía lo autorizaron a apartarse del mandato. *Rivera Camacho v. Publi-Inversiones de Puerto Rico,* supra. Tampoco surge que estemos ante circunstancias que ameritan el desvío del mandato con premura. *Íd.* El error señalado se cometió. En su consecuencia, determinamos que se reúnen los criterios que fundamentan la expedición del auto de *certiorari* en este caso y por ello, procede revertir el dictamen recurrido.

**IV.**

Por los fundamentos expuestos, expedimos el auto de *certiorari* y revocamos las resoluciones del foro primario emitidas el 17 de febrero de 2026 y el 18 de marzo de 2026. Devolvemos el asunto al foro recurrido para la celebración de la vista evidenciaria de rigor y, conforme al mandato del Tribunal Supremo, *Sentencia* de 19 de diciembre de 2025, que en ella "la parte peticionaria pueda culminar su descubrimiento de prueba."

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
